IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KASHYAP, LLC                      :

   v.                              :   Civil Action No. DKC 11-0459

NATURAL WELLNESS USA, INC.,       :
et al.                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this lease dispute is a motion to dismiss filed by Defendants Natural Wellness USA, Inc. and Zee TV USA, Inc. (ECF No. 8). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion to dismiss will be denied.[1]

**I.  Background**

   **A.  Factual Background**

According to the complaint, Plaintiff Kashyap, LLC ("Kashyap") currently owns a piece of commercial real estate in Bethesda, Maryland. (ECF No. 1 ¶ 5). On November 15, 2007, the former landlord of the property signed a lease agreement with

---

[1] Also pending is a "motion for full compliance with Local Rule 103(3)" filed by Plaintiff Kashyap, LLC. (ECF No. 11). Because Defendants have fully complied with the local rule, Kashyap's motion will be denied.

Defendant Natural Wellness USA, Inc. ("Natural"). (*Id.* ¶ 8). Roughly a year later, on September 11, 2008, the former landlord assigned Kashyap all of its rights and obligations under the lease agreement with Natural. (*Id.* ¶ 9).

The agreement required Natural to satisfy certain conditions, some of which are especially relevant here. First, Natural was required to pay rent and additional charges at the beginning of each month for a ten-year period. (*Id.* ¶¶ 10-11; ECF No. 1-1, at 5). If Natural failed to make the required payments, the lease agreement provided Kashyap several possible remedies:

> Any damages and/or loss of and/or deficiency in Rent sustained by Landlord may be recovered by Landlord, at Landlord's option: (i) in one (1) or more separate actions, at any time and from time to time, as and to the extent that said damages and/or Rent shall have accrued; or (ii) in a single action deferred until on or after the Expiration Date (in which event Tenant hereby agrees that the cause of action shall not be deemed to have accrued until the Expiration Date), or (iii) in a single proceeding prior to either the time of reletting or the Expiration Date, in which event Tenant agrees to pay Landlord the difference, if any, between (a) the present value of the Rent reserved under this Lease on the date of breach, discounted at eight percent (8%) per annum, and (b) the fair market value of the Lease on the date of the breach, the latter remedy hereby acknowledged to be a fair estimation of Landlord's damages and not an unenforceable penalty.

2

(ECF No. 1-1 ¶ 2602(e)).  Second, the lease agreement obligated Natural to "continuously and uninterruptedly operate its business" throughout the ten-year term of the tenancy. (ECF No. 1 ¶ 15).

In addition, the lease agreement contained a guarantee provision signed by Defendant Zee TV USA, Inc. ("Zee"). Under that provision, Zee "unconditionally, absolutely and irrevocably guarantee[d] . . . prompt and full payment and performance by [Natural]." (*Id.* ¶ 23). Zee signed the guarantee on the same day that Natural signed the lease. (*Id.*).

Kashyap alleges that Natural ceased business operations, stopped paying rent, and abandoned the property in February 2010. (*Id.* ¶¶ 12, 15). On April 23, 2010, Kashyap provided notice to Zee that Natural had breached the lease agreement and that Kashyap expected payment from Zee as guarantor. (*Id.* ¶ 24). Zee did not pay. (*Id.*).

   B.  **Procedural Background**

Kashyap filed a complaint with this court on February 18, 2011. (ECF No. 1). Count I of the complaint alleges that Natural breached the lease agreement by failing to pay rent, ceasing business operations, and abandoning the property. (*Id.* ¶¶ 13, 17). Count II alleges that Zee, as guarantor of the lease agreement, breached the guarantee provision by failing to

make payment in the amount owed by Natural. (*Id*. ¶ 25). Kashyap seeks compensatory and liquidated damages for the period from October 2010 through April 2011. (*Id*. ¶¶ 12-21).

On March 16, 2011, Natural and Zee filed the pending motion to dismiss Kashyap's complaint. (ECF No. 8). Kashyap opposed on March 23, 2011 (ECF No. 10) and Defendants replied shortly thereafter (ECF No. 12).

**II. Standard of Review**

Natural and Zee have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Accordingly, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The court need not take everything as true, however. For instance, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations

4

devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). And if the properly considered facts show nothing more than the "mere possibility of misconduct," the complaint should not survive a Rule 12(b)(6) motion. *Iqbal*, 129 S.Ct. at 1950 (quotation marks omitted).

**III. Analysis**

Natural and Zee seek dismissal because, in their view, this action "constitutes [a] non-consensual splitting of Kashyap's cause of action for breach of a commercial lease." (ECF No. 8, at 1). In particular, Defendants assert that Kashyap already commenced an action to recover damages under the lease agreement; that action was filed on July 15, 2010 in the Circuit Court for Montgomery County, Maryland. (ECF No. 8 ¶ 1). Defendants explain:

> The sole material difference between Kashyap's Complaint in the Circuit Court and its Complaint in this Court concerns [the] dates for which Kashyap seeks damages. The Circuit Court Complaint alleges damages for breach of the lease from March 1, 2010, through September 1, 2010; the Complaint in this action alleges damages for breach of the lease from October 1, 2010, through April 2011.

(*Id.* ¶ 2). Natural and Zee maintain that Kashyap should have amended its complaint in the state court to include the damages it seeks in this action. (*Id.* ¶¶ 3-4).

As an initial matter, Kashyap contends that the issue of claim splitting is not properly raised via a Rule 12(b)(6) motion. (*See* ECF No. 10 ¶¶ 4-5). Kashyap is incorrect. Claim splitting may be grounds for dismissal under Rule 12(b)(6). *See, e.g., Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F.Supp.2d 621, 628 (D.Md. 2006) (granting a motion to dismiss claims barred under the doctrine of claim splitting pursuant to Fed.R.Civ.P. 12(b)(6)); *accord Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 n.10 (10th Cir. 2008). Although a motion premised on claim-splitting requires a court to consider facts beyond the complaint, a court may take judicial notice of facts from a prior judicial proceeding so long as the affirmative defense does not raise a disputed issue of fact. *Cf. Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) (same in res judicata context). Therefore, Defendants' motion was properly brought under Rule 12(b)(6).

It is well established that the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation marks omitted). Yet it is equally established

in Maryland[2] that "rights cannot be enforced in piecemeal fashion, that a single cause of action or an entire claim cannot be split up or divided and separate suits maintained for various parts thereof." *Levin v. Friedman*, 271 Md. 438, 445 (1974); *see also Gonsalves v. Bingel*, 194 Md.App. 695, 711 (2010) (defining "claim"), *cert. denied*, 417 Md. 501 (2011). Thus, as a general matter, a party usually cannot bring more than one suit in reliance on the same instrument. *See Iula v. Grampa*, 257 Md. 370, 373 (1970). This rule, known as the rule against claim splitting, is intended to foster judicial economy and protect parties from vexatious and expensive litigation. *Sensormatic*, 452 F.Supp.2d at 626; *see also Jones v. House of Reformation*, 176 Md. 43, 54 (1939) ("[T]he policy of the law is to avoid a multiplicity of suits.").

The key question in this case is whether Kashyap's complaint in this action concerns facts that are a part of the same cause of action (or "claim") as the facts alleged in the

---

[2] The rule against claim splitting is closely related to the principle of res judicata. *See Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 490 (4th Cir. 1981). "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc., v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008), *cert. denied*, 554 U.S. 878 (1981). Because the first action in this case arose in Maryland state court, Maryland state law applies.

state court action. Quite obviously, they are not. The lease agreement calls for payments in installments. A claim for the breach of this type of contract accrues on the date the periodic payment, such as rent, comes due. *See Lochner v. Martin,* 218 Md. 519, 524 (1959); *Real Estate Bd. of Balt. v. Page*, 164 Md. 500, 165 A. 701, 702 (1933); *cf. Ely v. Sci. Applications Int'l Corp.*, 716 F.Supp.2d 403, 408-09 (D.Md. 2010) (holding that, under Maryland law, the statute of limitations is triggered by each successive rental installment on the day each rental payment is due). At the filing of an initial complaint, claims for subsequent failures to pay rent under a lease have not yet accrued. *See Hall v. City of Baltimore*, 252 Md. 416, 423 (1969) ("[R]ent to fall due beyond the current period is not present debt."). Therefore, claims for such debt constitute separate causes of action not barred from future litigation. *See, e.g.*, *tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919, 924 n.6 (4th Cir. 1976) ("As a general rule, an agreement to pay rent in installments is considered to be a divisible contract; thus, an action for rent not due at the commencement of a former action for rent is not barred by the former judgment.").

Here, Kashyap merely sought to recover in state court some of the rental payments that had already come due. When additional payments became due, Kashyap had every right to file

an additional action to recover those sums as well. Because the guarantee was necessarily tied to the installment debt, Kashyap appropriately treated Zee's obligations as monthly accruing causes of action as well.

Of course, a plaintiff must sue for all the rent that came due before the filing of the complaint or else these claims will be barred from subsequent actions. *See, e.g., Ex parte Estate of Carlin*, 212 Md. 526, 533 (1957); *Rosenstein v. Hynson*, 157 Md. 626, 628 (1929). In this case, however, Kashyap did just that. Kashyap filed its state complaint on July 15, 2010 and sought damages for the period ending on September 1, 2010. The first claim for damages in this action stems from unpaid rent in October 2010, a date *after* Kashyap filed its complaint in Montgomery County.

Finally, contrary to Defendants' suggestion, paragraph 2602(e) of the lease does not cause all claims for rent due to accrue immediately.[3] The paragraph is akin to an acceleration clause, which generally will not cause an entire installment debt to accrue at once unless the lender invokes the clause. *See, e.g.*, *United States v. Myers*, 308 F.Supp. 859, 862 (D.Md.

---

[3] Paragraph 2602(e) actually undermines Defendants' arguments, as it would seem to be written consent to what Defendants now term claim-splitting.

9

1970) ("Where . . . [the] note contains an optional acceleration clause the default of one payment does not start the running of the statute of limitations as to the entire remainder of the debt unless the option to declare the entire debt due has been exercised."); *Kleiman v. Kolker*, 189 Md. 647, 650-54 (1948) (finding an acceleration clause does not cause entire action for all rent to accrue unless lender chooses to invoke the clause). There is no suggestion that Kashyap invoked the "single proceeding" remedy. Indeed, its pursuit of separate actions for the various rental payments indicates it has *not* invoked the clause.

Thus, Kashyap's claims before this court are not barred by its claims in state court for rent stemming from a different period.

**IV. Conclusion**

For the foregoing reasons, Kashyap's motion for full compliance with Local Rule 103.3 will be denied and Defendants' motion to dismiss for failure to state a claim will be denied. A separate order will follow.

                                               /s/
                                    _____
                                    DEBORAH K. CHASANOW
                                    United States District Judge