IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KASHYAP, LLC                        :

                                    :

    v.                              :  Civil Action No. DKC 11-0459

                                    :

NATURAL WELLNESS USA, INC.,
et al.                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this lease dispute is a motion for reconsideration filed by Defendants Natural Wellness USA, Inc. and Zee TV USA, Inc. (ECF No. 16). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion will be denied.

**I. Background**

As the court explained in greater detail in its earlier opinion, *Kashyap, LLC v. Natural Wellness USA, Inc.*, No. DKC 11-0459, 2011 WL 2461292, at *4 (D.Md. June 16, 2011), Defendant Natural Wellness USA, Inc. ("Natural") signed a lease agreement with Plaintiff Kashyap, LLC ("Kashyap") for certain real estate in 2007. (ECF No. 1 ¶¶ 5-9). The lease required Natural to pay monthly rent payments and to "continuously and uninterruptedly operate its business" throughout the ten-year term of the tenancy. (*Id.* ¶¶ 10-11, 15; ECF No. 1-1, at 5). If Natural

failed to make the required payments, the lease agreement provided Kashyap several possible remedies, including the right to recover rent "in one . . . or more separate actions, at any time and from time to time, as and to the extent that said . . . Rent shall have accrued." (ECF No. 1-1 ¶ 2602(e)). The lease agreement also contained a guarantee provision signed by Defendant Zee TV USA, Inc. ("Zee"). Under that provision, Zee "unconditionally, absolutely and irrevocably guarantee[d] . . . prompt and full payment and performance by [Natural]." (ECF No. 1 at 23). According to Kashyap, Natural ceased business operations, stopped paying rent, and abandoned the property in February 2010; Zee did not pay as guarantor. (*Id*. ¶¶ 12, 15, 24).

The alleged breaches by Natural and Zee spurred Kashyap to file a complaint in this court in February 2011. The complaint sought damages for the period from October 2010 through April 2011. (ECF No. 1 ¶¶ 12-21). Natural and Zee then moved to dismiss, arguing that the action "constitutes [a] non-consensual splitting of Kashyap's cause of action for breach of a commercial lease." (ECF No. 8, at 1). In particular, Defendants asserted that Kashyap already commenced an action to recover damages under the lease agreement on July 15, 2010 in

2

the Circuit Court for Montgomery County, Maryland. (*Id.* ¶ 1). Defendants maintained:

> The sole material difference between Kashyap's Complaint in the Circuit Court and its Complaint in this Court concerns [the] dates for which Kashyap seeks damages. The Circuit Court Complaint alleges damages for breach of the lease from March 1, 2010, through September 1, 2010; the Complaint in this action alleges damages for breach of the lease from October 1, 2010, through April 2011.

(*Id.* ¶ 2).

This court denied Defendants' motion to dismiss on June 16, 2011, finding that Kashyap did not improperly split its claims. (ECF No. 15, 16). The court explained that, because a claim for the breach of a lease accrues on the date each monthly rental payment is due, Kashyap's state court action did not bar additional action in this court for recovery of subsequent rent installments. (*See* ECF No. 14, at 7-9).

On June 27, 2011, Natural and Zee filed the pending motion for reconsideration. (ECF No. 16). Kashyap opposed on July 7, 2011 (ECF No. 17) and Defendants opposed shortly thereafter (ECF No. 18).

**II. Standard of Review**

Defendants have moved for reconsideration of the court's decision to deny their previous motion to dismiss. (ECF No. 16). Federal Rule of Civil Procedure 54(b) provides that "any

3

order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment adjudicating all the claims." Fed.R.Civ.P. 54(b). Thus, Rule 54(b) governs reconsideration of interlocutory orders that do not constitute final judgments in a case. Because the court's prior decision did not finally adjudicate any of Plaintiff's claims (let alone all of them), it falls under the scope of Rule 54(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).

In the Fourth Circuit, the precise standard that should govern a motion such as this one is somewhat unclear. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). For instance, the Rule 60(b) standard does not bind the court on motion to a reconsider an interlocutory order. *Id.* at 1470; *Am. Canoe Ass'n*, 326 F.3d at 514. Even so, courts sometimes use the Rule 60(b) factors – newly discovered evidence, excusable neglect, etc. – as "guideposts" in deciding when to reconsider an earlier decision. *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 291 (D.Md. 2008).

## III. Analysis

Natural and Zee do not identify any newly discovered evidence or intervening change in the law, but rather, they urge

this court to grant reconsideration "to correct a clear error of law." (ECF No. 16 at 3). According to Defendants, "[t]here are three bases upon which this Court should reconsider the Memorandum and Order." (*Id.*). None of Defendants' arguments are persuasive.

First, Natural and Zee argue that this court failed to apply the proper test for determining which claims must be brought together for purposes of res judicata – the transactional test found in the Restatement (Second) of Judgments § 24. (*Id.* at 4-5). Defendants assert that under that test, Kashyap was required to bring all claims for damages under the lease in a single action. (*Id.*). The prior decision did not overlook the transactional test, and Defendants are mistaken in assuming that that test requires a different result.

As the court explained in the last opinion, and as Defendants apparently concede, a cause of action for breach of a rental agreement generally does not become due until the day the rent is payable. *See, e.g., Ely v. Sci. Applications Int'l Corp.*, 716 F.Supp.2d 403, 408-09 (D.Md. 2010). Indeed, this rule has been established "in most of the nation[] for at least a century." *Keefe Co. v. Americable Int'l, Inc.*, 755 A.2d 469, 472 (D.C. 2000). Although the transactional test requires a plaintiff to bring those claims for rent that have already

accrued, *Kashyap, LLC*, 2011 WL 2461292, at *4,[1] it cannot require a plaintiff to bring claims that have not yet accrued. Such an interpretation would create the absurd result of forcing an individual to choose between bringing a premature lawsuit or waiting until every rental payment has accrued (potentially rendering some of his earliest claims untimely, depending on the length of the agreement).

Moreover, and as the court has already noted, the terms of the contract even contemplate that Kashyap could bring separate actions. Specifically, the lease agreement grants Kashyap the right to recover rent "in one . . . or more separate actions, at any time and from time to time." (ECF No. 1-1 ¶ 2602(e)). The Restatement anticipates such agreements, explaining that the transactional test is subject to certain exceptions - such as when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein," or when "the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from

---

[1] All of the cases cited by Defendants support this common sense principle, not the idea that Defendants advance – that all claims on a single contract must be brought even before they accrue. *See, e.g.*, *Shum v. Gaudreau*, 317 Md. 49, 57 (1989) ("[T]he plaintiff disregarded the sound and settled rule that a *fully accrued cause of action* for the breach of a single contract must not be subdivided for the purposes of separate suits against the same party." (emphasis added)).

time to time for the damages incurred to the date of suit, and chooses the latter course." Restatement (Second) of Judgments § 26(1) (1982). That is exactly what happened here.

Second, Natural and Zee suggest that "[b]y pleading in the Circuit Court in July 2010 that NWU had, in February 2010, vacated and abandoned the lease premises, Kashyap pleaded that no basis in fact exists to allow Kashyap it [sic] to recover from [Defendants] on an installment basis." (ECF No. 16 at 6). Though difficult to discern, Defendants seem to be arguing that Kashyap's pleadings in the Circuit Court somehow waived its right to bring separate actions. This argument fails to identify any intervening change in the law, newly developed evidence, or clear error. It merely suggests that the court misread some of Kashyap's pleadings in the Circuit Court action. The argument is essentially a request to have the court change its mind based on the same information presented before. This is not a proper basis for reconsideration. Even if it were, the two defendants are plainly incorrect, as Kashyap *did not seek damages* for the entire lease period in the Circuit Court action – indicating that it most certainly did not concede that all claims related to the lease should be brought in a single action. (*See, e.g.*, ECF No. 8-2 ¶¶ 13 (referring to unpaid rent for period of March through September 2010); 18 (same)).

7

Third, and finally, Defendants maintain that Zee is not bound by "Kashyap's reservation of rights to sue [Natural] serially for failure to pay rents," as the guarantee provision signed by Zee "is separate from, and does not adopt or include all of the terms of," the lease agreement. (*Id.* at 8). But this assertion is not supported by the language of the guarantee provision. Exhibit G to the lease provides that "[Zee] hereby unconditionally, absolutely and irrevocably guarantees . . . the prompt and full payment and performance by Tenant of each and every item, covenant, condition, provision and obligation to be paid, kept, observed or performed by Tenant under the lease." (ECF No. 1-1 at 51). Defendants' argument chafes against simple logic: if an obligation to pay only accrues on a monthly basis, the guarantee obligation would only accrue on that monthly basis as well. And, once again, Natural and Zee refer to no authority or new evidence whatsoever, much less authority indicating that this court should reconsider an issue on which it has already ruled.

Thus, nothing here warrants reconsideration of the previous order denying the motion to dismiss.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion for reconsideration will be denied. A separate order will follow.

<pre>
                                   /s/
            DEBORAH K. CHASANOW
            United States District Judge
</pre>