IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KASHYAP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-11-459** |
| | ) | |
| **NATURAL WELLNESS USA, INC.,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Before this Court are Defendants' Motion for Judgment on the Pleadings Pursuant to

Rule 12(c) ("Motion for Judgment") and Motion Pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure to Stay Discovery in this Action Pending Resolution of Defendants' Motion for

Judgment on the Pleadings ("Motion to Stay").  The Court has reviewed the motions,

memoranda, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D.

Md.).  For the reasons presented below, the Court DENIES Defendants' motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2011, Plaintiff Kashyap, LLC ("Kashyap") brought a two-count

complaint against Defendants for breach of lease and guaranty agreements.  *See* Compl. (ECF

No. 1).  Kashyap alleges that Defendant Natural Wellness USA, Inc. ("Natural Wellness")

breached Kashyap and Natural Wellness's lease by failing to pay Kashyap monthly rents after

March 2010, and specifically seeks damages from the failures to pay rent from October 2010

through April 2011.  *See* Compl. ¶¶ 12-19.  Kashyap also alleges that Defendant Zee TV USA,

Inc. ("Zee TV") breached Kashyap and Zee TV's guaranty agreement, which is attached as

1

Exhibit G to the lease agreement, by failing to pay to Kashyap the rent due by Natural Wellness

when Natural Wellness failed to pay that rent to Kashyap.  *See* Compl. ¶¶ 23-26.

Defendants moved to dismiss the Complaint on March 16, 2011.  *See* Mot. to Dismiss

(ECF No. 8).  Defendants argued that because Kashyap had filed an action in the Circuit Court

for Montgomery County, Maryland, alleging that Defendants had breached the lease and

guaranty agreements from March 1, 2010, through September 1, 2010, the Complaint in this

federal action is an improper, "non-consensual splitting of a cause of action."  Mot. to Dismiss at

1-2.  On June 16, 2011, the Court rejected Defendants' arguments and denied Defendants'

motion, ruling that Kashyap "merely sought to recover in state court some of the rental payments

that had already come due," and then "[w]hen additional payments became due, Kashyap had

every right to file an additional action to recover those sums as well." *Kashyap, LLC v. Natural

Wellness, USA, Inc., et al.* (*Kashyap I*), No. 11-459, slip op. at 8-9 (D. Md. June 6, 2011).

Defendants then moved for reconsideration of the Court's decision.  *See* Mot. for Recons.

(ECF No. 16).  In this motion, Defendants forwarded three arguments:

> (a) Maryland law applies the transactional approach found in
> Section 24 of the Restatement (Second) of Judgments to determine
> "the dimensions of claim preclusion" (also known as *res judicata*),
> "including the prohibition against splitting a cause of action," . . .
> but the Memorandum applies the prohibition against claim-
> splitting on a claim-by-claim basis; (b) assuming *arguendo* that a
> claim-by-claim analysis is appropriate when addressing only the
> doctrine of claim-splitting (not the entirety of *res judicata*),[] all of
> Kashyap's claims against NWU and ZTV had accrued before
> Kashyap had commenced its action in the Circuit Court for
> Montgomery County, Maryland in July 2010; and (b) [sic]
> assuming *arguendo* that claim-splitting is appropriate against
> NWU because, prior to the entry of a final judgment from the
> Circuit Court in Kashyap's Circuit Court action, NWU's consent
> arises out of Paragraph 2602(e) of the alleged Lease Agreement,
> there is nothing in the guaranty that ZTV allegedly executed by
> which ZTV consented to be sued serially.

Mot. for Recons. at 3-4.  On July 27, 2011, the Court denied Defendants' motion.  *Kashyap, LLC*

*v. Natural Wellness, USA, Inc., et al.* (*Kashyap II*), No. 11-459, slip op. at 1-9 (D. Md. July 27,

2011).  The Court held that its "prior decision did not overlook the transactional test, and

Defendants are mistaken in assuming that that test requires a different result."  *Id*. at 5.  The

Court also ruled that the law does not "require a plaintiff to bring claims that have not yet

accrued;" and the parties' contract "contemplate[s] that Kashyap could bring separate actions."

*Id*. at 5-6.  Additionally, the Court held that Kashyap had not "concede[d] that all claims related

to the lease should be brought in a single action" because Kashyap did not seek damages for the

entire lease period in its state court action.  *Id*. at 7.  Finally, the Court held that the agreement

and "simple logic" provide that Zee TV's obligation as guarantor accrues on a monthly basis

because the "obligation to pay only accrues on a monthly basis."  *Id*. at 8.

On September 8, 2011, the parties consented to proceed before a Magistrate Judge.  *See*

ECF Nos. 28, 29.  On that same day, Defendants filed the Motion for Judgment and Motion to

Stay Discovery.  *See* ECF Nos. 31, 32.

## ARGUMENT

Defendants' Motion for Judgment is essentially another motion for reconsideration of the

Court's ruling on Defendants' Motion to Dismiss.  In its opposition, Kashyap notes that

"Defendants' constant filing of the same motions should be sanctionable."  Pl.'s Br. 1.  This may

be proper, particularly because Defendants do not raise new evidence, changes in the law, or

claims that the Court's prior rulings cause manifest injustice.  In fact, Defendants ignore the past

motions practice and Court rulings in their opening brief, perhaps in an effort to mislead the

Court into thinking that they are presenting new issues.  Although the Court will not impose

sanctions at this time, the Court denies Defendants' Motion for Judgment based on the law of the

case doctrine and on its review of the arguments.

> **I.      The Law of the Case Doctrine Compels the Court to Deny Defendants' Motion for Judgment**.

Because Defendants' Motion for Judgment forwards the same legal arguments that

Defendants previously made to this Court, the Court will consistently rule on those arguments

pursuant to the law of the case doctrine and deny that motion.  The law of the case doctrine

"posits that when a court decides upon a rule of law, that decision should continue to govern the

same issues in subsequent stages in the same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191

(4th Cir. 2009) (quoting *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999)) (internal

quotation marks omitted).  "This rule of practice promotes the finality and efficiency of the

judicial process by protecting against the agitation of settled issues, . . . as well as the burdens of

repeated reargument by indefatigable diehards." *Baron Fin. Corp. v. Natanzon*, 509 F. Supp. 2d

501, 520 (D. Md. 2007) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816

(1988); 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and*

*Procedure: Jurisdiction 2d* § 4478 (2002)) (internal quotation marks omitted).  A court may

reverse a prior ruling, however, if there is new evidence, there is an intervening change in the

law, or the prior ruling was clearly erroneous and to accept it would be "manifest injustice." *See*

*Baron*, 509 F. Supp. 2d at 520; *see also TFWS*, 572 F.3d at 191 (requiring deferral to a prior

ruling unless these three situations exist).

Defendants do not argue that these exceptions apply here; and in fact none of these

exceptions apply here.  Instead, in their reply brief, Defendants argue that the Court's prior ruling

on their motion to dismiss is no longer valid because the "central premise to Judge Chasanow's

ruling disappeared on August 11, 2011, when the Lease Agreement . . . was merged into the final

judgment of the Circuit Court." Defs.' Reply Br. at 2. The fact that the Circuit Court entered

judgment in August does not impact the Court's prior ruling on Defendants' Motion to Dismiss.

Section 18 of the Restatement (Second) of Judgments defines the rule of merger as follows:

> When a valid and final personal judgment is rendered in favor of
> the plaintiff:
>
> (1) The plaintiff cannot thereafter maintain an action on the
> *original claim or any part thereof*, although he may be able to
> maintain an action upon the judgment; and
>
> (2) In an action upon the judgment, the defendant cannot avail
> himself of defenses he might have interposed, or did interpose, in
> the first action.

(emphasis added). As the Court previously ruled, the claim in the Circuit Court case is not the

same as the claim in this case – each case deals with breaches of the lease during different

periods. *See Kashyap I*, slip op. at 7-9. Thus, Kashyap's new claims against Defendants were

not merged into the Circuit Court's judgment of Kashyap's other claims. As a result, because

Defendants provide no new evidence, changes in the law, or convincing argument that the prior

decisions of this Court cause manifest injustice, the rulings of the Court in refusing to dismiss

this case govern.

**II.     On Consideration of Defendants' Arguments a Third Time, Defendants' Motion is Denied**.

Even considering Defendants' arguments afresh, the Court again denies Defendants'

motion. A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil

procedure is judged using the same standard as a 12(b)(6) motion to dismiss. *Rock for Life-*

*UMBC v. Hrabowski*, 594 F. Supp. 2d 598, 605 (D. Md. 2009) (citing *Burbach Broad. Co. v.*

*Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002)); *see also Independence News, Inc. v. City*

*of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009) (on review of a judgment rendered pursuant to a

12(c) motion, the Fourth Circuit "appl[ies] the same standard . . . as for motions made pursuant

to Rule 12(b)(6)" (citation omitted)).  As a result, the Court "assume[s] that the facts alleged in

the complaint are true and . . . draw[s] all reasonable factual inferences in the nonmoving party's

favor."  *Rock*, 594 F. Supp. 2d at 605 (citation omitted).  A motion for judgment "test[s] the

sufficiency of a complaint," and does not "resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses."  *Id.* (quoting *Republican Party v. Martin*, 980 F.2d 943,

952 (4th Cir. 1992)) (internal quotation marks omitted).  If the pleadings "fail to state any

cognizable claim for relief, and the matter can, therefore, be decided as a matter of law," the

motion for judgment should be granted.  *Id.* (citation and internal quotation marks omitted).

Defendants first contend that Kashyap's Complaint is barred by *res judicata* and the

merger doctrine.  As explained above, Kashyap's claims were not merged into those adjudicated

by the Circuit Court.  *See*, *supra*, Section I.  Further, and as previously ruled by this Court on

Defendants' Motion to Dismiss, *res judicata* does not bar Kashyap's claims.

The rule of *res judicata* provides that

> a judgment between the same parties and their privies is a final bar
> to any other suit upon the same cause of action, and is conclusive,
> not only as to all matters that have been decided in the original
> suit, but as to all matters which with propriety could have been
> litigated in the first suit.

*Shum v. Gaudreau*, 317 Md. 49, 54, 562 A.2d 707, 709 (1989) (emphasis, citations, and internal

quotation marks omitted).  Importantly, this rule only applies to *fully accrued* causes of action.

*See Shum*, 317 Md. at 56-57, 562 A.2d at 711 ("In suing for a part only of the installments in

arrears, when he was entitled to sue for all, the plaintiff disregarded the sound and settled rule

that a fully accrued cause of action for the breach of a single contract must not be subdivided for

the purposes of separate suits against the same party."  (quoting *Rosenstein v. Hynson*, 157 Md.

626, 628, 147 A. 529, 529 (1929)) (internal quotation marks omitted)).  Here, when Kashyap

filed suit in Montgomery County Circuit Court on July 15, 2010, Kashyap's claims for rent not

paid under the lease and guaranty from October 2010 through April 2011 had not accrued.  *See*

*Kashyap I*, slip op. at 8 ("A claim for the breach of this type of contract accrues on the date the

periodic payment, such as rent, comes due."  (citing *Lochner v. Martin*, 218 Md. 519, 524

(1959); *Real Estate Bd. of Balt. v. Page*, 164 Md. 500, 165 A. 701, 702 (1933); *Ely v. Sci.*

*Applications Int'l Corp.*, 716 F. Supp. 2d 403, 408-09 (D. Md. 2010))).  Kashyap properly

brought those claims in this second case after they had accrued.  Thus, as this Court previously

ruled, Kashyap's claims in this case are not barred by *res judicata*.

Further, Kashyap was permitted by the terms of the agreement to recover "[a]ny damages

and/or loss of and/or deficiency in Rent . . . in *one (1) or more separate actions*, at any time and

from time to time, as and to the extent that said damages and/or Rent shall have accrued."

Compl. Ex. 1 at § 2602(e) (emphasis added).  As the Court previously noted, the "Restatement

anticipates such agreements, explaining that the transactional test is subject to certain exceptions

– such as when '[t]he parties have agreed in terms or in effect that the plaintiff may split his

claim, or . . . sue from time to time for the damages incurred to the date of suit."  *Kashyap II*, slip

op. at 6-7 (quoting Restatement (Second) of Judgments § 26(1) (1982)) (first alteration in

original) (internal quotation marks omitted).  Hence, bringing these later-accrued breach of

contract claims in this case, as opposed to in the state court action, complies with the law and

does not violate the rule of *res judicata*.

Defendants are incorrect in reading *Rosenstein* to require Kashyap to "sue for all amounts

due and yet to become due on that contract."  Defs.' Br. 11.  Rather, *Rosenstein* held that a

plaintiff must include all "*accrued* cause[s] of action for the breach of a single contract" in one

case.  *Rosenstein*, 157 Md. at 628, 147 A. at 529.  Kashyap did just that in each suit.

Defendants are also incorrect in asserting that *Circuit City Stores, Inc. v. Rockville Pike Joint Venture Ltd. P'ship*, 376 Md. 331, 829 A.2d 976 (2003), required Kashyap to bring both its unaccrued claims for unpaid rents and its accrued claims for paid rents before the Circuit Court of Montgomery County.  That case, however, only provides the common law options available to a landlord when her tenant abandoned the property, as listed in Section 12.1 of the Restatement (Second) of Property.  Importantly, Section 12.1 specifically states,

> *Except to the extent the parties to the lease validly agree otherwise*, if the tenant abandons the leased property . . . the landlord may: (a) accept the tenant's offer of surrender of the leased property . . . , leaving the tenant liable only for rent accrued before the acceptance and damage caused by the abandonment; or (b) notify the tenant that he will undertake to relet the leased property for the tenant's account, thereby relieving the tenant of future liabilities under the lease, including liability for future rent, to the extent the same are performed as a result of a reletting on terms that are reasonable.

Restatement (Second) of Property: Landlord & Tenant § 12.1(3) (2011).  The parties here "agree[d] otherwise" in Article 26 of the lease.  What is more, this portion of the Restatement and *Circuit City* do not define when one's claims accrue or state when the parties are to bring their claims, much less require a plaintiff to bring unaccrued claims with accrued claims in one lawsuit.  *See id.*; *see also Circuit City*, 376 Md. at 353, 829 A.2d at 988-89 (explaining that the Restatement allows a landlord to "hold the tenant liable for any rent that had accrued at the time of the reentry as well as any future deficiency," but not holding whether those claims had be brought together).  Kashyap properly pled her claims in federal court, and the Court will not enter judgment for Defendants on the basis of *res judicata*.

Defendant Zee TV argues that even if the Court rejects Defendants' *res judicata* arguments, Zee TV "should be granted judgment on the pleadings because it is not a signatory to the Lease Agreement and there is nothing in the pleadings to suggest that ZTV agreed to be

8

bound by the provisions of Paragraph 2602(e)(i)." Defs.' Br. 16-17. Again, Zee TV is incorrect. The Complaint alleges that when Natural Wellness allegedly breached the lease by failing to pay Kashyap due rent, Zee TV was obliged under the guaranty to pay that rent as the guarantor. *See* Compl. ¶¶ 23-24. Because Zee TV allegedly failed to do so, Kashyap claims that Zee TV has breached the guaranty. *Id.* ¶ 25. As a matter of law, Kashyap has stated a cognizable claim for relief, regardless of whether Zee TV was "a signatory to the Lease."

Further, as the Court previously ruled, Zee TV's arguments that the guaranty is separate from the lease, and Zee TV is not bound by the lease's provisions, are "not supported by the language of the guarantee." *Kashyap II*, slip op. at 8. The guaranty is "Exhibit G To Lease" and provides that Zee TV "unconditionally, absolutely and irrevocably guarantees . . . the prompt and full payment and performance by [Natural Wellness] of each and every item, covenant, condition, provision and obligation to be paid, kept, observed or performed by [Natural Wellness] under the Lease." Compl. Ex. G. As the Court noted, "if an obligation to pay only accrues on a monthly basis, the guarantee obligation would only accrue on that monthly basis as well." *Kashyap II*, slip op. at 8. Hence, Kashyap has stated a claim against Zee TV for failing to pay the later-accrued obligation to pay rents owed by Natural Wellness.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendants' Motion for Judgment. Because Defendants' Motion to Stay sought a stay of discovery pending resolution of Defendants' Motion for Judgment, Defendants' Motion to Stay is also DENIED as MOOT.

November 22, 2011                                                    /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/MKH