IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KASHYAP, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-11-459 |
| | ) |
| NATURAL WELLNESS USA, INC., | ) |
| ET AL., | ) |
| | ) |
|     Defendants. | ) |

## ORDER AND MEMORANDUM OPINION REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION

Before this Court is Defendants' Motion to Reconsider the Memorandum and Order of November 22, 2011, Denying Defendants' Motion for Judgment on the Pleadings (ECF No. 39) ("Motion for Reconsideration"). The Court has reviewed the motion, memorandum, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES Defendants' Motion for Reconsideration.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order. . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The power to reconsider "is committed to the discretion of the district court . . . and doctrines such as law of the case . . . have evolved as a means of guiding that discretion." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citations omitted). Courts may use the "standards set forth in Rules 59(e) and 60(b) . . . as guideposts in determining whether reconsideration is warranted." *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 291-92 (D. Md. 2008) (citations omitted). Under Rule 59(e), a court may alter or amend a judgment "in three circumstances: (1)

1

to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (citations and internal quotation marks omitted). Rule 60(b) provides that a

> court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendants argue that the Court should reconsider its Order denying Defendants' motion for judgment on the pleadings (ECF No. 38) because of "an intervening change in controlling law," namely, the September 30, 2011, decision by the Maryland Court of Special Appeals in *Suntrust Bank v. Goldman*, No. 803, 2011 Md. App. LEXIS 135 (Md. Ct. Spec. App. Sept. 30, 2011). Defs.' Br. 1-2. The Court denies Defendants' request for two reasons.

First, *Suntrust Bank* does not present "*an intervening change* in controlling law." This case was available to the Defendants when they filed their reply brief to their motion for judgment on the pleadings. Defendants here are merely rearguing their motion a fourth time, a move that this Court will not condone.

Second, *Suntrust Bank* supports the Court's prior decisions in this case. The Court previously held that Plaintiff's claims against Defendants in this federal case were not merged into, or barred by *res judicata* because of, a Circuit Court of Montgomery County judgment against Defendants. A case dealing with an award of attorneys' fees, the Court of Special

2

Appeals in *Suntrust Bank* ruled that a "possible method of avoiding the merger bar is for the parties to clearly state their intent in the contract that the fee provision shall not merge into the judgment." *Suntrust Bank*, 2011 Md. App. LEXIS 135, at *20. Here, the parties clearly stated their intent that Plaintiff may recover "[a]ny damages and/or loss of and/or deficiency in Rent . . . *in one (1) or more separate actions*, at any time and from time to time, as and to the extent that said damages and/or Rent shall have accrued." Compl. Ex. 1 § 2602(e) (ECF No. 1). Thus, after Plaintiff brought its first action in state court against Defendants for rent not paid under the lease and guaranty from March 1, 2010, through September 1, 2010, Plaintiff was not restricted from bringing this second action in federal court against Defendants for rent not paid under the lease and guaranty from October 2010 through April 2011, when that later claim accrued. Plaintiff's claims were not merged into the state court judgment. The contract contains "express language" allowing the parties to bring multiple breach of contract actions for nonpayment of rent when those breaches accrue. The Court rejects Defendants' arguments regarding merger and *res judicata* a fourth time.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion for Reconsideration.

The Court noted in its last opinion that the Court could sanction Defendants for repeatedly filing motions containing the same arguments. *Kashyap, LLC v. Natural Wellness, USA, Inc., et al.*, No. 11-459, slip op. at 3-4 (D. Md. November 22, 2011) (ECF No. 37). The Court did not award sanctions at that time.

Now, Defendants have filed a Motion for Reconsideration containing arguments that they have previously made and containing arguments that Defendants could have made in a

previously brief to the Court. Rule 11(b) of the Federal Rules of Civil Procedure provides, in part,

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b). Pursuant to Rule 11(c)(3), the Court **ORDERS** Defendants to show cause within seven (7) calendar days why Defendants' filing of its Motion for Reconsideration, which contains arguments previously made and contains arguments that could have been made previously, in an attempt to overturn the Court's multiple orders refusing to dismiss this case on the bases of merger and *res judicata*, has not violated Rule 11(b).


December 14, 2011 /s/
Charles B. Day
United States Magistrate Judge


CBD/mkh