**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KASHYAP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-11-459** |
| | ) | |
| **NATURAL WELLNESS USA, INC.,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION REGARDING DEFENDANTS' RESPONSE TO THE COURT'S SHOW CAUSE ORDER

Before this Court is Defendants' Response to the Court's Order to Show Cause, Dated December 14, 2011, Pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure (ECF No. 41) ("Defendants' Response").  The Court has reviewed the filing and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court FINDS that Defendants failed to show cause why their filing of the Motion to Reconsider the Memorandum and Order of November 22, 2011, Denying Defendants' Motion for Judgment on the Pleadings (ECF No. 39) ("Motion for Reconsideration") did not violate Rule 11(b).  The Court ORDERS that counsel for Defendants, Mitchell J. Rotbert, Esq., must pay to the Clerk of this Court $2,000; PROHIBITS Defendants from arguing before this Court at any point until appeal that this case should be dismissed under the legal doctrines of merger or *res judicata* unless there is a true change in Maryland law that renders incorrect this Court's previous four decisions on these issues; and DIRECTS counsel for Defendants to provide to his clients in this case copies of this Memorandum Opinion and the accompanying Order.

I. <u>**Sanctions are Appropriate.**</u>

The Court finds that Defendants' counsel violated Rule 11 in filing Defendants Motion

for Reconsideration.  Rule 11(b) of the Federal Rules of Civil Procedure provides, in part,

> By presenting to the court a pleading, written motion, or other
> paper—whether by signing, filing, submitting, or later advocating
> it—an attorney or unrepresented party certifies that to the best of
> the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly increase the cost
> of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted
> by existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law or for establishing new
> law.

Fed. R. Civ. P. 11(b).  Under Rule 11(c), a "court may order an attorney, law firm, or party to

show cause why conduct specifically described in the order has not violated Rule 11(b)."  Fed.

R. Civ. P. 11(c)(3).  Any order of sanctions imposed as a result "must describe the sanctioned

conduct and explain the basis for the sanction."  Fed. R. Civ. P. 11(c)(6).

The Fourth Circuit has held that

> maintaining a legal position to a court is only sanctionable when,
> in "applying a standard of objective reasonableness, it can be said
> that a reasonable attorney in like circumstances could not have
> believed his actions to be legally justified" . . . . That is to say, as
> Judge Wilkins recently explained, the legal argument must have
> "absolutely no chance of success under the existing precedent."

*Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136

F.3d 349, 352 (4th Cir. 1998)).  Rule 11 "does not seek to stifle the exuberant spirit of skilled

advocacy or to require that a claim be proven before a complaint can be filed.  The Rule attempts

to discourage the needless filing of groundless lawsuits."  *Id*. (citation and internal quotation

marks omitted).

Unlike in *Hunter*, the law in Maryland on *res judicata* and merger as relevant to this case is not "in a state of flux."  *See Hunter*, 281 F.3d at 155-57.  Maryland law generally requires a party to bring all accrued claims arising under the same contract at once.  *See, e.g.*, *Rosenstein v. Hynson*, 157 Md. 626, 628, 147 A. 529, 529 (1929); *Shum v. Gaudreau*, 317 Md. 49, 54-57, 562 A.2d 707, 709-711 (1989).  Parties can, however, contractually agree to permit multiple suits for breaches of the same contract.  *See* Restatement (Second) Judgments § 26(1) (2011).  In line with this law, the Court ruled three times that Plaintiff's claims are not barred by *res judicata* and are not merged into Plaintiff's state court judgment because Plaintiff's claims in this suit had not accrued when Plaintiff filed the state court suit, and the parties' contract permitted multiple suits for multiple breaches.  *See Kashyap, LLC v. Natural Wellness USA, Inc.*, No. 11-459 (D. Md. June 16, 2011) (ECF No. 14) ("*Kashyap I*") (Memorandum Opinion on Defendants' motion to dismiss); *Kashyap, LLC v. Natural Wellness USA, Inc.*, No. 11-459 (D. Md. July 27, 2011) (ECF No. 19) ("*Kashyap II*") (Memorandum Opinion on Defendants' first motion for reconsideration (ECF No. 16)); *Kashyap, LLC v. Natural Wellness USA, Inc.*, No. 11-459, 1-2 (D. Md. Nov. 22, 2011) (ECF No. 37) ("*Kashyap III*") (Memorandum Opinion on Defendants' motion for judgment on the pleadings).

Yet, Defendants filed another motion for reconsideration.  *See* Defendants' Motion for Reconsideration.  This motion again sought dismissal of the case based on the doctrines of *res judicata* and merger and relied on a case available at the time that Defendants filed their Reply Memorandum of Law in Support of Their Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (ECF No. 35) (the "Reply Brief").  The Motion for Reconsideration "cause[d] unnecessary delay" and "needlessly increase[d] the cost of litigation."  *See* Fed. R. Civ. P. 11(b).  What is more, the legal contentions were not "warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law." *Id*.

"[A] reasonable attorney in like circumstances could not have believed his actions to be legally

justified," and the previous three decisions on these issues showed that Defendants' arguments

had "no chance of success." *Hunter*, 281 F.3d at 153.  Thus, sanctions are appropriate here.

Defendants ask the Court not to sanction Defendants or their counsel because counsel

"made the Motion to Reconsider to identify, and to ask the Court to apply, the new rule in

[*SunTrust Bank v.*] *Goldman*[, 201 Md. App. 390, 29 A.3d 724 (2011)], which constitutes new

'existing precedent.'"  Defendants' Response 3.  Defendants state that the case is "intervening

authority" because counsel "was not . . . aware of it" when he drafted the Reply Brief.  *Id*. at 6-7.

First, the Court is unclear how a case can present "new existing precedent."  Second,

*SunTrust* did not present a "new rule" relevant to this case.  As explained in the Court's Order

and Memorandum Opinion Regarding Defendants' Motion for Reconsideration, *SunTrust*

supports the Court's prior decisions that *res judicata* and merger do not bar Plaintiff's action in

this Court.  *Kashyap, LLC v. Natural Wellness USA, Inc.*, No. 11-459, slip op. at 2-3 (D. Md.

Dec. 14, 2011) (ECF No. 40) ("*Kashyap IV*").  Third, counsel's failure to find the *SunTrust* case

until after filing the Reply Brief does not render that case "intervening authority" or otherwise

permit counsel to file a motion for reconsideration.  *See Kashyap IV*, slip op. at 1-2 (articulating

the various circumstances under which a court may alter an order).

Defendants also argue that their counsel follows "the old and near-universal rule that the

limited function of a reply brief is to respond to points and issues raised in an adversary's brief,"

presumably inferring that this "rule" did not permit him to refer to the *SunTrust* case in the Reply

Brief.  *See* Defendants' Response 7.  Defendants contend that they could only respond to

Plaintiff's "*implied* argument . . . that 'law of the case' provides the sole rule of decision" and

"arguments that Kashyap had appeared to concede." *Id.* (emphasis added).  In so responding, however, Defendants used the Reply Brief to argue in favor of dismissal based on *res judicata* and the merger doctrine, and so could have included the *SunTrust* case at that time even by counsel's rule.  *See* Reply Brief at 2-3.

Defendants further claim that the Court should not impose sanctions because Defendants' "filing of the Motion to Reconsider should not be deemed conduct 'akin to contempt.'" Defendants' Response 7.  The Fourth Circuit provides,

> [b]ecause a *sua sponte* order to show cause does not provide an
> attorney with Rule 11's twenty-one day safe harbor provision . . .
> "a court is obliged to use extra care in imposing [*sua sponte*]
> sanctions on offending lawyers" . . . . Courts generally should
> reserve such sanctions for "situations that are akin to a contempt of
> court."

*In re Bees*, 562 F.3d 284, 287 (4th Cir. 2009) (quoting *Hunter*, 281 F.3d at 151) (citing Fed. R. Civ. P. 11(c)(2)).  Under this law, however, sanctions are still appropriate here.  Two weeks before Defendants filed their Motion for Reconsideration, the Court warned Defendants that the Court could impose sanctions upon them if they continue to file motions with the same legal arguments.  *Kashyap III,* slip op. at 3-4.  The Court also explained the law of the case doctrine applies when Defendants forward the same legal arguments.  *Id*. at 4-5.  Defendants ignored these warnings and the Court's rulings, and filed a motion for reconsideration articulating no new arguments under the guise of presenting "new" case law that was not actually new.  This conduct is akin to contempt of court.

Defendants did not use their Motion for Reconsideration to present a new argument to the Court.  Not only did Defendants' arguments have no chance of success under the existing precedent in Maryland, but the Court had already ruled three times that the arguments fail. Sanctions are appropriate in this case.

II.    <u>**Monetary and Nonmonetary Sanctions will Deter Repetition of the Sanctionable Conduct.**</u>

Rule 11 provides that any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; [and] an order to pay a penalty into court."  Fed. R. Civ. P. 11(c)(4).  The Advisory Committee Notes ("Notes") to the Rule provide a list of examples of sanctions available to judges: "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities."  Fed. R. Civ. P. 11 Notes to Subdivisions (b) and (c) (1993).  If a court imposes a monetary sanction, that money "should ordinarily be paid into a court as a penalty" except in "unusual circumstances."  *Id.*

Consistent with the Rule, the Fourth Circuit has held that the "least severe sanction adequate to serve the purposes of Rule 11 should be imposed."  *Kunstler v. Britt*, 914 F.2d 505, 522 (4th Cir. 1990) (citation omitted).  The primary purpose of a monetary sanction is deterrence.  *Id.* at 522-23.  Other purposes that a court "can and should bear in mind . . . include compensating the victims of the Rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management."  *Id.* at 522 (citations omitted).

The Notes to Rule 11 provide factors that a court may consider in determining the type of sanction:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Notes to Subdivisions (b) and (c) (1993).  Further, this Court has specified that "courts must consider four factors in determining the amount of any monetary award . . . . : (1) the reasonableness of any requested costs or attorney's fees; (2) the minimum amount necessary to deter the sanctioned attorney from future misconduct; (3) the sanctioned attorney's ability to pay; and (4) any other factors the court deems relevant."[1] *Moody v. Arc of Howard County, Inc.*, No. JKB-09-3228, 2011 WL 2671385, *8 (D. Md. July 7, 2011) (citing *Kunstler*, 914 F.2d at 523).  A "court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons."  Fed. R. Civ. P. 11 Notes to Subdivisions (b) and (c) (1993).

Notably, a represented party cannot be sanctioned monetarily for violations of Rule 11(b)(2) "involving frivolous contentions of law;" a court can only impose monetary sanctions on his attorneys in such a case.  *Id.*; *see also* Fed. R. Civ. P. 11(c)(5) (stating that a court cannot "impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2)").  However, the court may "impose sanctions or remedial orders that may have collateral financial consequences upon a party, such as dismissal of a claim, preclusion of a defense, or preparation of amended pleadings."  Fed. R. Civ. P. 11 Notes to Subdivisions (b) and (c) (1993).

In this case, counsel for Defendants, Mr. Rotbert, declares that he decided "alone" to file the Motion for Reconsideration and that the content of that motion was his "alone."  Defs.' Response, Decl. of M. Rotbert, 2.  Thus, the sanctions will largely be directed towards him.  His conduct was willful – counsel knew that his legal arguments had been rejected three previous

---

[1] Factor one is irrelevant here because Plaintiff has not requested costs or fees.

times.  The Court reads his argument that he filed the Motion for Reconsideration because he found "new existing precedent" as scrambling.  Counsel did not find the *SunTrust* case until after he lost his third attempt to dismiss this case and used *SunTrust* to take a fourth bite at the apple, knowing full well that it was not an intervening, new case.

Counsel's conduct is also "part of a pattern of activity."  *See Cox v. Deal*, No. 2:09-cv-2715, 2011 WL 3418397, *5 (D.S.C. Aug. 3, 2011) ("Many lower courts in the Fourth Circuit have looked at the number of previous filings by a party when examining this factor" of severity of the violation.).  Counsel raised arguments in his Motion for Reconsideration that he made or could have made in briefing Defendants' previous dispositive motions.  This motion was also the second motion for reconsideration in which counsel did not raise new claims, new law, or errors of law, as required to obtain relief.  *See Kashyap IV*, slip. op. at 1-2; *Kashyap II*, slip. op. at 4, 7. Although no evidence shows that counsel filed the Motion for Reconsideration to injure Plaintiff, the motion caused this Court to spend more time reviewing, evaluating, and ruling on arguments previously propounded.  Further, had the Court not ruled on the motion before Plaintiff could file a response to it, Plaintiff would have incurred additional attorneys' fees responding to the same arguments.

As a result, the Court will impose a monetary sanction of $2,000 upon Mr. Rotbert, payable to the Court.  Mr. Rotbert declares that he is a solo practitioner, has owned his own firm since 2000, and has been practicing law for 23 years.  Defs.' Response, Decl. of M. Rotbert, 1-2. Based on this information, and other facts provided in his declaration, the Court finds that this amount of sanction is the minimum amount necessary "to deter attorney and litigant misconduct" by an experienced attorney, as well as other attorneys, while not "bankrupt[ing] the offending part[y] or forc[ing] [him] from the future practice of law."  *Kunstler*, 914 F.2d at 524.

The Court will also impose nonmonetary sanctions upon Defendants and their counsel. The Court bans Defendants and their counsel from arguing at any point until appeal that this case should be dismissed under the legal doctrines of *res judicata* or merger unless there is a true legal decision in Maryland that renders incorrect this Court's previous decisions on these issues. The Court further directs Mr. Rotbert to provide his clients in this case with copies of this Memorandum Opinion and the accompanying Order.

January 13, 2012

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/mkh